UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :   CONSENT PRELIMINARY ORDER
          - v. -                                    :   OF FORFEITURE AS TO SPECIFIC
                                                               :   PROPERTY/MONEY JUDGMENT
ABDURAMAN ISENI,                                               :
      a/k/a "Diamond,"                                         :   20 Cr. 660 (ALC)
                                                               :
           Defendant.                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 7, 2020, ABDURAMAN ISENI, a/k/a "Diamond," (the "Defendant"), among others, was charged in nine counts of an eleven-count Sealed Indictment, 20 Cr. 660 (ALC) (the "Indictment") with, *inter alia*, racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Section 371 (Counts Two and Three); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2 (Count Eight);

        WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962, as charged in Count One of the Indictment; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted or participated in the conduct in violation of Title 18, United States Code, Section 1962, as charged in Count One of the Indictment; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One of the Indictment;

WHEREAS, the Indictment also included, *inter alia*, forfeiture allegations as to Counts Two and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461, of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Indictment;

WHEREAS, the Indictment also included, *inter alia*, a forfeiture allegation as to Count Eight of the Indictment, seeking forfeiture to the United States, pursuant to the Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Eight of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Eight of the Indictment;

WHEREAS, on or about November 13, 2020, pursuant to a warrant executed by the Hon. Debra Freeman, United States Magistrate Judge, the Government was authorized to seize the following property:

    a. JP Morgan Chase account number 280160018, held in the name of "RJM CHELSEA ROAD LLC," (the "Subject Account") after the wire transfer of $180,000 from an account at PNC Bank ending in 7308;

WHEREAS, the Government filed a forfeiture Bill of Particulars asserting, *inter alia*, that any and all funds in the Subject Account were subject to forfeiture as property involved in the offenses charged in Counts Eight, Ten and Eleven of the Indictment (D.E. __);

WHEREAS, on or about January 15, 2021, the Government seized $267,758.63 in United States currency from the Subject Account (the "Specific Property");

WHEREAS, on or about October 12, 2021, the Defendant pled guilty to Counts One through Four, Six, Eight, Ten, and Eleven of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Four, Six, Eight, Ten, and Eleven of the Indictment and agreed to forfeit to the United States: (i) a sum of money equal to $169,000 in United States currency, representing any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, pursuant to Title 18, United States Code, Section 1963, and any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Counts Two and Three of the Indictment, pursuant to Title 18, United States Code, Section 981 and Title 21, United States Code, Section 2461; and (ii) any and all property, real and personal, involved in the offense charged in Count Eight, or any property traceable to such property, including but not limited to $180,000 in United States currency representing the amount of property involved in Count Eight of the Indictment, and all right, title and interest of the Defendant in the Specific Property ;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $349,000 in United States currency, $169,000 of which represents the amount of property constituting or derived from proceeds the Defendant personally obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment and proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Indictment that the Defendant personally obtained; and $180,000 of which represents the amount of property involved in Count Eight of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Count Eight of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Eight of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys, Samuel Raymond and David Felton of counsel, and the Defendant, and his counsel, Jeffrey Lichtman, Esq. and Jeffrey Einhorn, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Three, Four, Six, Eight, Ten, and Eleven of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $349,000 in United States currency (the "Money Judgment"), of which $169,000 in United States currency represents the amount of proceeds the Defendant personally obtained as a result of the offense charged in Count One of the Indictment and the proceeds traceable to the offenses charged in Counts Two and Three of the Indictment that the Defendant personally

obtained, and $180,000 in United States currency represents property involved in the offense charged in Count Eight of the Indictment, shall be entered against the Defendant.

2. As a result of the offense charged in Count Eight of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, ABDURAMAN ISENI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: *[signature]*  10/12/2021
Samuel Raymond/David Felton  DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6519/(914) 933-1908

ABDURAMAN ISENI

By: *[signature]*  10/12/21
Abduraman Iseni  DATE

By: *[signature]*  10/12/21
Jeffrey Lichtman, Esq./Jeffrey Einhorn, Esq.  DATE
Attorneys for Defendant
Law Offices of Jeffrey Lichtman
11 East 44th Street, Suite 501
New York, New York 10017

SO ORDERED:

*[signature]*  4-19-22
HONORABLE ANDREW L. CARTER JR.  DATE
UNITED STATES DISTRICT JUDGE